**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TL Harvey,<br><br>    Plaintiff,<br><br>v.<br><br>Maxwell & Morgan P.C., et al.,<br><br>    Defendants. | No. CV-24-00276-PHX-KML<br><br>**ORDER** |

   Defendants William Day, John Coleman, Raymond Nieves, Audrey Gibson, Dallas Paulsen, FirstService Residential of Arizona, LLC, and Rancho El Dorado Homeowners Association (collectively, "defendants") seek an award of approximately $35,000 in attorneys' fees.[1] (Doc. 73.) Plaintiff TL Harvey argues his federal claims were not frivolous and therefore defendants are not entitled to an award of fees. (Doc. 77 at 1.) Not all of Harvey's federal claims were frivolous and defendants did not identify which fees would not have been incurred but for defending the non-frivolous federal claims. The motion for attorneys' fees is denied.

   In addressing motions to dismiss Harvey's amended complaint, the court identified fourteen claims Harvey appeared to be pursuing. (Doc. 63 at 3-4.) Those claims included constitutional claims, racial discrimination in the making or enforcing of contracts, breach of contract, violations of the Fair Housing Act, civil RICO, criminal mail fraud, common

---

[1] Defendants also seek an award of $60.52 in costs under A.R.S. § 12-341 and Fed. R. Civ. P. 54(d). Local Rule 54.2(a) required defendants file a bill of costs within fourteen days of final judgment. Defendants did not comply with that rule and do not offer any explanation why. The request for costs is denied based on the failure to comply with the applicable rule.

law fraud, and breach of fiduciary duty. It is undisputed some of Harvey's state and federal claims allow for an award of attorneys' fees to a prevailing defendant. *See* A.R.S. § 12-341.01 (breach of contract); *Green v. Mercy Hous., Inc.*, 991 F.3d 1056, 1058 (9th Cir. 2021) (Fair Housing Act); *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 975-76 (9th Cir. 2011) (Section 1983 claims). But the standard for awarding fees differs between state and federal law.

Arizona's fee-shifting statute allows for an award of attorneys' fees to the "successful party" in a breach of contract action. A.R.S. § 12-341.01(A). Under this statute, Arizona courts do not require a successful plaintiff make a different showing than a successful defendant. *Cf. Schwartz v. Farmers Ins. Co. of Arizona*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990) (applying same test to successful defendant as to successful plaintiff). Federal law differs. Under the federal fee-shifting statutes relevant here, prevailing plaintiffs are awarded fees "as a matter of course." *Harris*, 631 F.3d at 971. But prevailing defendants are awarded fees "only in exceptional circumstances." *Id.* (simplified). Under the federal standard, a prevailing defendant may recover fees only after showing the federal claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

When a plaintiff is pursuing both state and non-frivolous federal claims, prevailing defendants are entitled only to the fees that "would not have been incurred but for the inclusion of" the state claims. *Id.* at 972. That is, if some of the federal claims were not frivolous, "the only fees that may be awarded are those incurred for work performed exclusively in order to provide a defense against" the state-law claims or frivolous federal claims. *Id.* at 973.

Defendants' motion for attorneys' fees argues all of Harvey's federal claims were frivolous. A claim is frivolous if the result was "obvious" or the claim was "wholly without merit." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). Many of Harvey's federal claims came perilously close to frivolous. For example, Harvey's claims that

defendants could be sued for violating his constitutional rights were dubious and the court dismissed those claims without leave to amend. (Doc. 63 at 7.) But Harvey's federal claims involving the Fair Housing Act ("FHA") were not frivolous. In addressing those claims the court explained "[h]omeowners associations . . . may be liable under the FHA in certain situations." (Doc. 63 at 9.) Harvey had not alleged sufficient facts to state an FHA claim, but the court granted him leave to amend because it appeared possible he could state one. (Doc. 63 at 9-10.) Harvey did not amend but it was not "obvious" he had no viable FHA claim.

Harvey also alleged a claim under 42 U.S.C. § 1981 which prohibits purposeful racial discrimination in the making or enforcing of contracts. Harvey did not have any plausible § 1981 claim against "each and every defendant," so his § 1981 claim against certain defendants at least came close to frivolous. But it was possible Harvey had a viable § 1981 claim against the homeowners association and he was granted leave to amend that claim. (Doc. 63 at 8.) Based on the limited information available regarding the § 1981 claim, it was weak but not wholly without merit. *See Gammel v. Kuna Rural Fire Prot. Dist.*, No. 1:19-CV-00390-REP, 2021 WL 5165675, at *2 (D. Idaho Nov. 5, 2021) ("Just because a claim is weak does not mean it is frivolous.").

Neither Harvey's FHA claims nor his § 1981 claim qualified as frivolous under the demanding standard. Defendants cannot recover fees incurred in litigating those claims. The presence of nonfrivolous federal claims means defendants' burden to disentangle the recoverable fees from the nonrecoverable fees was "from a practical standpoint extremely difficult to carry." *Harris*, 631 F.3d at 972. Defendants' motion for attorneys' fees does not attempt to identify which fees were incurred in defending against which claim, so the motion is denied.

/
/
/
/

Accordingly,

**IT IS ORDERED** the Motion for Attorneys' Fees and Costs (Doc. 72) is **DENIED**.

Dated this 8th day of July, 2025.

*/s/ Krissa M. Lanham*
Honorable Krissa M. Lanham
United States District Judge